# EXHIBIT 1

John D. Morris (6943)
Lauren DeVoe (15122)
7070 South Union Park Center, Suite 220
Midvale, Utah 84047
Tel: (801) 790-9000
Fax: (801) 208-8209
Email: john@morrissperry.com
 lauren@morrissperry.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KAYLEE CONLIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RU CLIFF, LLC, a limited liability company; RIZE HOMESOURCE, LLC, a limited liability company; JON NEVIASER, an individual; LAW OFFICES OF KIRK A. CULLIMORE, L.L.C., a limited liability company; KIRK A. CULLIMORE, an individual,<br><br>Defendants. | **DECLARATION OF LAUREN DEVOE IN SUPPORT OF ORDER ON PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**<br><br>Civil Action No. 2:17-cv-01213-BCW<br><br>Judge Tena Campbell |

I, Lauren DeVoe, state as follows:

1. I am over the age of 18, and the following statements are based on my personal knowledge.

2. I am an attorney at the law firm of Morris Sperry, which represents plaintiff Kaylee Conlin in the above-captioned matter.

3. I am familiar with this matter, communications between counsel related to this

1

matter, and the pleadings and other papers filed in this matter.

4. On June 7, 2018, I received a Notice of Intent to Obtain Protected Health Information by Issue of Subpoena Duces Tecum via email from counsel for the Rize Defendants, a true and correct copy of which is attached to Plaintiff's Motion to Quash Defendants' Subpoena to Produce Documents, Information, or Objects (the "Motion to Quash") as Exhibit 2.

5. In response, I emailed counsel for the Rize Defendants on June 11, 2018, and requested that they seek a protective order for Plaintiff's protected health information, both for the purpose of protecting Plaintiff's privacy and to assist compliance with the subpoena duces tecum. A true and correct copy of my June 11, 2018 email is attached to Plaintiff's Motion to Quash as Exhibit 3.

6. On June 12, 2018, counsel for the Rize Defendants responded by email, a true and correct copy of which is attached to Plaintiff's Motion to Quash Exhibit 4, and stated that they did not think they should seek a protective order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of June, 2018.

_____
Lauren DeVoe

# EXHIBIT 2

MICHAEL P. PETROGEORGE, USB 8870
MATTHEW D. COOK, USB 10751
LAURA M. BIBER, 16401
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
Email: ecf@parsonsbehle.com
 MPetrogeorge@parsonsbehle.com
 MCook@parsonsbehle.com
 LBiber@parsonsbehle.com

*Attorneys for Defendants RU Cliff, LLC, Rize Homesource, LLC, and Jon Neviaser*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KAYLEE CONLIN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>RU CLIFF, LLC, a limited liability company, RIZE HOMESOURCE, LLC, a limited liability company, JON NEVIASER, an individual, LAW OFFICE OF KIRK A. CULLIMORE, LLC, a limited liability company, KIRK A. CULLIMORE, an individual,<br><br>Defendants. | **NOTICE OF INTENT TO OBTAIN PROTECTED HEALTH INFORMATION BY ISSUE OF SUBPOENA DUCES TECUM**<br><br>Case No. 2:17-cv-01213<br><br>Judge Tena Campbell |

PLEASE TAKE NOTICE that pursuant to Rule 45(a)(1)(D) of the Federal Rules of Civil Procedure, Defendants RU Cliff, LLC, Rize Homesource, LLC, and Jon Neviaser intend to request the production of records which may include Protected Health Information (PHI)

4849-5912-7144v1

including, without limitation, a complete copy of any and all records relating to the diagnosis and treatment of Plaintiff Kaylee Conlin, by issue of subpoena duces tecum to the following:

> Tyler Shawn Carroll, MD
> Intermountain Healthcare Highland Clinic
> 10968 North Alpine Highway
> Highland, Utah 84003
> (801) 763-2900

A true and correct copy of the subpoena is attached hereto as Exhibit 1. The requested records are to be delivered to the offices of PARSONS BEHLE & LATIMER, 201 S. Main Street, Ste. 1800, Salt Lake City, UT 84111 by June 28, 2018 at 5:00pm.

DATED this 7th day of June 2018.

PARSONS BEHLE & LATIMTER

*/s/Laura Biber*
Michael P. Petrogeorge
Matthew D. Cook
Laura M. Biber
*Attorneys For Defendants Ru Cliff, LLC, Rize Homesource, LLC, and Jon Neviaser*

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June 2018, I served a true and correct copy of the foregoing **NOTICE OF INTENT TO OBTAIN PROTECTED HEALTH INFORMATION BY ISSUE OF SUBPOENAS DUCES TECUM** via email to the following:

John Morris
Lauren DeVoe
MORRIS SPERRY
7070 South Union Park Center, Suite 220
Midvale, Utah 84047
Email: John@morrissperry.com
Lauren@morrissperry.com

*Attorneys for Plaintiff*

Derek Barclay
Law Offices of Kirk A. Cullimore, LLC
12339 S 800 E, Suite 100
Draper, Utah 84020
Email: derek@cullimore.net

*Attorneys for Defendants Law Office of Kirk A.
Cullimore LLC and Kirk A. Cullimore*

                                                                           /s/Laura Biber

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Utah

| Kaylee Conlin | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:17-cv-01213 |
| RU CLIFF, LLC, et. al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Tyler Shawn Carroll, M.D., c/o Intermountain Healthcare Highland Clinic
10968 North Alpine Highway, Highland, Utah 84003

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All records related to Kaylee Conlin (DOB 01/31/1989), specifically including but not limited to, all records relating to the diagnosis and treatement of Ms. Conlin.

| Place: Laura Biber, Parsons Behle & Latimer, 201 S. Main St. Suite 1800, Salt Lake City, Utah 84111 | Date and Time: 06/28/2018 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____     /s/Laura Biber
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __RU Cliff LLC,__ Rize Homesource LLC, and Jon Neviaser_____, who issues or requests this subpoena, are:
Laura Biber, Parsons Behle & Latimer, 201 S. Main St. Suite 1800, Salt Lake City, UT 84111

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:17-cv-01213

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 3

| From: | Lauren DeVoe |
|---|---|
| To: | "Laura M. Biber"; John Morris |
| Cc: | Matthew D. Cook; Michael P. Petrogeorge; derek@cullimore.net |
| Subject: | RE: Conlin v. RU Cliff et al. Discovery Requests and Notice of Intent |
| Date: | Monday, June 11, 2018 7:09:00 PM |
| Attachments: | image001.png<br>image002.png |

Hi Laura,

We would like to ask that Parsons seek a protective order to protect Ms. Conlin's protected health information pursuant to HIPAA and implementing regulations. We believe that a HIPAA-compliant protective order will assist both sides—Defendants in obtaining compliance with the subpoena and Plaintiff in maintaining the privacy of her medical information.

I look forward to your response.

Thank you,

Lauren DeVoe

**MORRIS SPERRY**

7070 South Union Park Center, Suite 220 | Midvale, Utah 84047 | Tel: 801-790-9000
1776 Park Avenue, Suite 209 | Park City, Utah 84060 | Tel: 435-575-9000
Fax: 801-208-8209 | Email: Lauren@morrissperry.com | Website: www.morrissperry.com

CONFIDENTIALITY NOTICE: This electronic mail may contain information that is privileged, confidential, and/or otherwise protected from disclosure to anyone other than its intended recipient(s). Any dissemination or use of this electronic mail or its contents by persons other than the intended recipient(s) is strictly prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail so that we may correct our internal records. Please then delete the original message. Thank you.

**From:** Laura M. Biber [mailto:LBiber@parsonsbehle.com]
**Sent:** Thursday, June 07, 2018 3:20 PM
**To:** Lauren DeVoe <Lauren@morrissperry.com>; John Morris <john@morrissperry.com>
**Cc:** Matthew D. Cook <MCook@parsonsbehle.com>; Michael P. Petrogeorge <MPetrogeorge@parsonsbehle.com>; derek@cullimore.net
**Subject:** Conlin v. RU Cliff et al. Discovery Requests and Notice of Intent

All,
Please see attached Interrogatories and Requests for Production for Defendants RU Cliff LLC, Rize Homesource LLC, and Jon Neviaser.

Additionally, please see attached Notice of Intent to Obtain Protected Health Information by Issue of Subpoena Duces Tecum.

Thanks,
Laura

> **Laura M. Biber • Attorney**
> **Parsons Behle & Latimer**



A Professional
Law Corporation

201 South Main Street, Suite 1800 • Salt Lake City, Utah 84111
Main 801.532.1234 • Direct 801.536.6906 • Fax 801.536.6111

**parsonsbehle.com** • **LBiber@parsonsbehle.com** • **vCard**

**CONFIDENTIALITY NOTICE:** This electronic mail message and any attachment(s) are confidential and may also contain privileged attorney-client information or work product. The message is intended only for the use of the addressee. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, distribute, or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone at 801.532.1234, and delete this original message.

# EXHIBIT 4

| From: | Laura M. Biber |
| --- | --- |
| To: | Lauren DeVoe; John Morris |
| Cc: | Matthew D. Cook; Michael P. Petrogeorge; derek@cullimore.net |
| Subject: | Re: Conlin v. RU Cliff et al. Discovery Requests and Notice of Intent |
| Date: | Tuesday, June 12, 2018 6:10:31 AM |
| Attachments: | image001.png |
| | image002.png |
| | emailsignaturelogonotext_c4fe8a58-60ec-4e55-8f78-be04efb3833d.png |

Lauren,
We would be happy to review and consider a proposed stipulated protective order and we understand why your client would want such an order. However, we don't think that we should be seeking a protective order on behalf of your client, but we will promptly review any proposed stipulated order you would draft.

Thanks,
Laura

**From:** Lauren DeVoe <Lauren@morrissperry.com>
**Sent:** Monday, June 11, 2018 7:09:33 PM
**To:** Laura M. Biber; John Morris
**Cc:** Matthew D. Cook; Michael P. Petrogeorge; derek@cullimore.net
**Subject:** RE: Conlin v. RU Cliff et al. Discovery Requests and Notice of Intent

Hi Laura,

We would like to ask that Parsons seek a protective order to protect Ms. Conlin's protected health information pursuant to HIPAA and implementing regulations. We believe that a HIPAA-compliant protective order will assist both sides—Defendants in obtaining compliance with the subpoena and Plaintiff in maintaining the privacy of her medical information.

I look forward to your response.

Thank you,

Lauren DeVoe

# MORRISSPERRY

7070 South Union Park Center, Suite 220 | Midvale, Utah 84047 | Tel: 801-790-9000
1776 Park Avenue, Suite 209 | Park City, Utah 84060 | Tel: 435-575-9000
Fax: 801-208-8209 | Email: Lauren@morrissperry.com | Website: www.morrissperry.com

CONFIDENTIALITY NOTICE: This electronic mail may contain information that is privileged, confidential, and/or otherwise protected from disclosure to anyone other than its intended recipient(s). Any dissemination or use of this electronic mail or its contents by persons other than the intended recipient(s) is strictly prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail so that we may correct our internal records. Please then delete the original message. Thank you.

**From:** Laura M. Biber [mailto:LBiber@parsonsbehle.com]
**Sent:** Thursday, June 07, 2018 3:20 PM
**To:** Lauren DeVoe <Lauren@morrissperry.com>; John Morris <john@morrissperry.com>
**Cc:** Matthew D. Cook <MCook@parsonsbehle.com>; Michael P. Petrogeorge <MPetrogeorge@parsonsbehle.com>; derek@cullimore.net

**Subject:** Conlin v. RU Cliff et al. Discovery Requests and Notice of Intent

All,
Please see attached Interrogatories and Requests for Production for Defendants RU Cliff LLC, Rize Homesource LLC, and Jon Neviaser.

Additionally, please see attached Notice of Intent to Obtain Protected Health Information by Issue of Subpoena Duces Tecum.

Thanks,
Laura



**Laura M. Biber • Attorney**
**Parsons Behle & Latimer**
201 South Main Street, Suite 1800 • Salt Lake City, Utah 84111
Main 801.532.1234 • Direct 801.536.6906 • Fax 801.536.6111

parsonsbehle.com • LBiber@parsonsbehle.com • vCard

**CONFIDENTIALITY NOTICE:** This electronic mail message and any attachment(s) are confidential and may also contain privileged attorney-client information or work product. The message is intended only for the use of the addressee. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, distribute, or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone at 801.532.1234, and delete this original message.

# EXHIBIT 5

John D. Morris (U.S.B. 6943)
Lauren DeVoe (U.S.B. 15122)
7070 South Union Park Center, Suite 220
Midvale, Utah 84047
Tel: (801) 790-9000
Fax: (801) 208-8209
Email: John@morrissperry.com
Lauren@morrissperry.com

*Attorneys for Plaintiff Kaylee Conlin*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KAYLEE CONLIN, an individual,<br><br>Plaintiff,<br>vs.<br><br>RU CLIFF, LLC, a limited liability company; RIZE HOMESOURCE, LLC, a limited liability company; JON NEVIASER, an individual; LAW OFFICE OF KIRK A. CULLIMORE, L.L.C., a limited liability company; KIRK A. CULLIMORE, an individual,<br><br>Defendants. | **ORDER ON PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**<br><br>Civil Action No. 2:17-cv-01213<br><br>Judge Tena Campbell |

On June 15, 2018, Plaintiff filed Plaintiff's Motion to Quash Defendants' Subpoena to Produce Documents, Information, or Objects (the "**Motion to Quash**").

Having considered the Motion to Quash and any response, and for good cause appearing, the Court GRANTS the Motion and ORDERS as follows:

1. The Subpoena to Produce Documents, Information, or Objects issued by counsel

1

for Defendants RU Cliff, LLC, Rize Homesource, LLC, and Jon Neviaser to Tyler Shawn Carroll, MD is quashed; and

2. Defendants must seek either a stipulated or Court-ordered qualified protective order pursuant to 45 C.F.R. § 164.512 before issuing a subpoena seeking the production of Plaintiff's protected health information.

Signed this ___ day of _____, 2018.

BY THE COURT

_____

Tena Campbell
United States District Judge